## 29140. CRANE v. THE STATE.

GUNTER, Justice.

This appeal is from a habeas corpus judgment that remanded the appellant to custody from extradition to the demanding state.

Extradition of the appellant was sought for the purpose of requiring him to serve sentences for offenses in Tennessee entered as a result of his pleading guilty to the offenses charged. The state guilty pleas were entered while the appellant was in federal custody awaiting trial in United States District Court in Tennessee. After the state sentences were imposed the appellant was returned to federal custody, was tried in federal court, and was convicted. He appealed his federal conviction to the United States Court of Appeals for the Sixth Circuit, and he was granted bail pending the federal appeal. He came to Georgia. While his federal appeal was still pending, Tennessee sought to extradite him to serve the state sentences imposed.

Appellant made two contentions in the habeas proceeding. First, that the Tennessee requisition for extradition was insufficient in "that nowhere within said requisition or demand are there facts sufficiently alleged to authorize your petitioner's extradition to the State of Tennessee; it not appearing that your petitioner has at any time escaped under custody of the demanding state; fled from the demanding state to avoid prosecution, or violated the terms of his bail, probation or parole." Second, that since appellant was under lawful bail bond pending the appeal of his federal conviction, extradition

to Tennessee would infringe his due process constitutional rights.

The appellant's first contention is without merit, and the trial judge so held. Code Ann. § 44-404 provides for the form of demand by the demanding state. It provides that the demand for extradition must allege that the accused was present in the demanding state at the time of the commission of the alleged crime, "and that thereafter he fled from the state." This statute also provides that a copy of the "judgment of conviction or sentence must be authenticated by the executive authority making the demand." Appellant's argument seems to be that he has not escaped from confinement in Tennessee, that he has not fled from Tennessee to avoid prosecution, and that he has not violated the terms of his bail, probation, or parole imposed by Tennessee.

The record shows that the appellant was in Tennessee at the time of the commission of the crimes for which he was convicted, that sentences were imposed, that the sentences have not been served, and that appellant fled from Tennessee. We hold that the demand for extradition was legally sufficient.

Appellant cites no authority for his second contention, and we know of no reason why one at large on bail pending appeal of his federal conviction cannot be extradited by a sister state for the purpose of serving sentences imposed by that state. We hold that extradition under such circumstances does not violate due process constitutional rights of the party extradited.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 23, 1974 — DECIDED
NOVEMBER 26, 1974.

*John W. Love, Jr., Hatcher & Daniel, Ross L. Hatcher, III,* for appellant.

*Arthur K. Bolton, Attorney General,* for appellee.